UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **LORETTA KILGORE**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. _____ |
| | * | |
| **CIRCLE K STORES, INC.**, | * | |
| | * | |
| Defendant. | * | |

## NOTICE OF REMOVAL

Without submitting to the jurisdiction of this Court and without waiving any available defenses, including, without limitation, lack of jurisdiction, improper venue, statute of limitations, insufficient process, or insufficient service of process, Defendant Circle K Stores, Inc. ("Circle K"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files this Notice of Removal of the above-described action to the United States District Court for the Northern District of Georgia, Atlanta Division, from the State Court of Gwinnett County, Georgia where the action is now pending and states as follows:

1. The Plaintiff, Loretta Kilgore ("Kilgore"), commenced this action in the State Court of Gwinnett County, Georgia on July 6, 2022 and process was served on Circle K on July 14, 2022. A copy of Kilgore's Complaint setting forth the claim for relief upon which the action is based was first received by the Circle K on July

14, 2022. Thus, removal is timely.

2. This is a civil action for damages arising out of alleged injuries sustained in an April 14, 2022 trip-and-fall incident at a Circle K store located at 3390 Airport Road, Dalton, Georgia 30721.

3. The United States District Court for the Northern District of Georgia, Atlanta Division, has jurisdiction by reason of the diversity citizenship of the parties. 28 U.S.C. § 1332.

4. This is a suit between citizens of different states. At the time she commenced this action and at all times thereafter, Kilgore was and continues to be a citizen and resident of the State of Georgia.

5. Circle K is a Texas corporation with its principal place of business in Arizona. Therefore, Circle K is a citizen of Texas and Arizona and not a citizen of Georgia.

6. This Honorable Court has previously held that "[w]hen the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Carrington v. Bausch & Lomb, Inc.*, 2007 U.S. Dist. LEXIS 105554, at *2-3 (N.D. Ga. Mar. 8, 2007).

7. Where the "[p]laintiff[']s complaint seeks a variety of damages for a plethora of injuries that, if recovered, will more likely than not exceed the

jurisdictional minimum," the amount in controversy requirement is met. *Id.* at * 3.

8. In this action, Kilgore does not claim a specific amount of damages to be recovered. (*See generally*, Compl.).

9. Instead, Kilgore seeks "[a] judgment against Defendant Circle K for Ms. Kilgore's medical and other necessary expenses . . . [,] Ms. Kilgore's pain, suffering, and emotional trauma . . . [and] for all other damages allowed by Georgia law." (Compl.).

10. Kilgore alleges she "has incurred reasonable and necessary medical expenses of $57,970.20." (Compl. ¶ 13).

11. Kilgore further claims she "continues to incur additional reasonable and necessary medical expenses." (Compl. ¶ 13).

12. Kilgore alleges she sustained "serious personal injuries" and "experience[d] pain and suffering" as a result of Circle K's negligence. (Compl. ¶ 12).

13. Taken together, it is more likely than not that if Kilgore recovers for the injuries and damages she seeks, including, but not limited to, past and future medical expenses totaling at least $57,970.20, pain and suffering, and emotional trauma, the amount in controversy of Kilgore's claim exceeds $75,000.00, exclusive of interest and costs. Accordingly, the jurisdictional amount is satisfied in this case.

14. A copy of all pleadings and Orders served upon Circle K is filed with

this Notice and attached hereto as **Exhibit A**.

15. Circle K will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d).

16. A copy of this Notice will be filed with the Clerk of the State Court of Gwinnett County, Georgia as required by 28 U.S.C. § 1446(d).

**WHEREFORE**, Circle K requests that this action proceed in this Court as an action properly removed to it pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This 11th day of August, 2022.

    Respectfully submitted,

    **CARR ALLISON**

    By:   /s/ Sean W. Martin
        **SEAN W. MARTIN, GA BAR #474125**
        **STEPHEN A. SWANSON, GA BAR #759751**
        *Attorneys for Defendant Circle K Stores, Inc.*
        736 Market St., Suite 1320
        Chattanooga, TN 37402
        (423) 648-9832 / (423) 648-9869 FAX
        swmartin@carrallison.com
        sswanson@carrallison.com

## **CERTIFICATE OF COMPLAINCE**

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 11th day of August, 2022.

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2022, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Mark W. Alexander, Esq.
Andrew Q. Gould, Esq.
Stewart, Melvin & Frost, LLP
200 Main Street Suite 600
P.O. Box 3280
Gainesville, GA 30503

**CARR ALLISON**

By: __/s/ Sean W. Martin__
    **SEAN W. MARTIN, GA BAR #474125**