E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03714-S3**
**7/6/2022 5:35 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LORETTA KILGORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION 22-C-03714-S3 |
| | ) FILE NO. _____ |
| CIRCLE K STORES, INC., | ) |
| Defendant. | ) ) ) |

### COMPLAINT

Plaintiff Loretta Kilgore files her Complaint and shows the court the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Defendant Circle K Stores, Inc. (hereinafter "*Circle K*"), is a Texas corporation doing business in the State of Georgia and may be served with process upon its registered agent at the following address:

Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, Georgia 30092

2.

Defendant *Circle K* is subject to the jurisdiction of this Court pursuant to Allstate Insurance Co. v. Klein, 262 Ga. 599, 422 S.E.2d 863 (1992).

3.

Defendant *Circle K* is subject to the venue of this Court pursuant to O.C.G.A. §14-2-510.

## FACTS

4.

On April 14, 2022, Defendant Circle K Stores, Inc. was a corporation authorized to do or transact business in Georgia.

5.

On April 14, 2022, Defendant *Circle K* owned and operated a Circle K convenience store located at 3390 Airport Road, Dalton, GA 30721 (*"Circle K store"*).

6.

On April 14, 2022, Defendant *Circle K* had exclusive ownership, possession and control over the *Circle K store* at all times relevant to this litigation.

7.

On April 14, 2022, Ms. Kilgore was an invitee at the *Circle K store*.

8.

On April 14, 2022, while inside the *Circle K store*, Ms. Kilgore tripped and fell over a dangerous object located at the entrance/exit of the *Circle K store*.

9.

On April 14, 2022, Defendant *Circle K* did not warn invitees about the dangerous object at the time of the fall.

10.

On April 14, 2022, Ms. Kilgore did not see the dangerous object at the time of the fall.

11.

On April 14, 2022, Ms. Kilgore had no knowledge of the dangerous object prior to her fall.

12.

Ms. Kilgore's April 14, 2022 fall caused Ms. Kilgore to sustain serious injuries and experience pain and suffering.

13.

Ms. Kilgore has incurred reasonable and necessary medical expenses of $57,970.20 as reflected on the attached Exhibit A. Ms. Kilgore continues to incur additional reasonable and necessary medical expenses. The amounts of Ms. Kilgore's reasonable and necessary medical expenses may change as more information becomes available from Ms. Kilgore's medical providers.

14.

On April 14, 2022, Ms. Kilgore exercised the degree of care that is used by ordinarily careful persons under the same or similar circumstances.

## COUNT ONE
## NEGLIGENCE

15.

All preceding statements of Ms. Kilgore's complaint are incorporated and re-alleged as if expressly set forth here.

16.

On April 14, 2022, Defendant *Circle K* owed a duty to Ms. Kilgore to exercise ordinary and reasonable care to keep the *Circle K store*'s premises safe for invitees like Ms. Kilgore.

17.

On April 14, 2022, Defendant *Circle K* knew or should have known that the dangerous object posed a danger to invitees on the *Circle K store*'s premises.

18.

On April 14, 2022, Defendant *Circle K* had actual knowledge of the hazardous and unsafe condition of the dangerous object.

19.

On April 14, 2022, Defendant *Circle K* had constructive knowledge of the hazardous and unsafe condition of the dangerous object.

20.

On April 14, 2022, Defendant *Circle K* had knowledge superior to that of Ms. Kilgore of the hazardous and unsafe condition of the dangerous object.

21.

On April 14, 2022, Defendant *Circle K* had control over the hazardous and unsafe condition of the dangerous object and the area where Ms. Kilgore fell.

22.

On April 14, 2022, Defendant *Circle K* did not exercise ordinary and reasonable care to keep the *Circle K store*'s premises safe for invitees like Ms. Kilgore.

23.

On April 14, 2022, Defendant *Circle K* did not exercise ordinary and reasonable care to keep the *Circle K store*'s premises safe for invitees like Ms. Kilgore by failing to properly inspect the area where the fall occurred.

24.

On April 14, 2022, Defendant *Circle K* did not exercise ordinary and reasonable care to keep the *Circle K store*'s premises safe for invitees like Ms. Kilgore by failing to remove the hazardous hidden condition.

25.

On April 14, 2022, Defendant *Circle K* did not exercise ordinary and reasonable care to keep the *Circle K store*'s premises safe for invitees like Ms. Kilgore by failing to take adequate measures to protect invitees from the dangerous object.

26.

On April 14, 2022, Defendant *Circle K* did not exercise ordinary and reasonable care to keep the *Circle K store*'s premises safe for invitees like Ms. Kilgore by not changing, altering, removing or warning invitees about the dangerous object on the *Circle K store*'s premises.

27.

On April 14, 2022, Defendant *Circle K*'s negligence caused Ms. Kilgore to sustain injuries, experience pain and suffering, and incur medical expenses and damages.

**COUNT TWO**
**ATTORNEY'S FEES**

28.

All preceding statements of Ms. Kilgore's complaint are incorporated and re-alleged as if expressly set forth here.

29.

Defendant *Circle K* has acted in bad faith, has been stubbornly litigious, has caused Ms. Kilgore unnecessary trouble and expense, and is liable to Ms. Kilgore for her attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Ms. Kilgore demands the following:

(a) A judgment against Defendant *Circle K* for Ms. Kilgore's medical and other necessary expenses;

(b)  A judgment against Defendant *Circle K* for Ms. Kilgore's pain, suffering, and emotional trauma;

(c)  A judgment against Defendant *Circle K* for Ms. Kilgore's attorney's fees and reasonable expenses of litigation;

(d)  A judgment against Defendant *Circle K* for all other damages allowed by Georgia law;

(e)  A trial by jury; and,

(f)  Such other relief as this Court deems just and proper.

This 6th day of July, 2022.

*s/Andrew Gould*
Mark W. Alexander, Esq.
Georgia Bar No. 008930
malexander@smf-law.com
Andrew Q. Gould, Esq.
Georgia Bar No. 826368
agould@smf-law.com
**Stewart, Melvin & Frost, LLP**
P.O. Box 3280
Gainesville, GA 30503
(770) 536-0101
(678) 207-2002 (fax)
*Counsel for Plaintiff*

## Medical Bills Summary
Loretta Kilgore

| Date(s) | Description | Amount |
|---|---|---|
| 4/14/2022 | Hamilton Emergency Medical Service | $ 1,035.00 |
| 4/14/2022 | Emergency Coverage Corporation | $ 1,146.00 |
| 4/14/2022 - 4/19/2022 | Hamilton Health Care System | $ 5,096.40 |
| 4/20/2022 – 6/29/2022 | Associates in Orthopedics and Sports Medicine | $ 6,132.80 |
| 4/21/2022 | Hamilton Ambulatory Surgery Center | $ 42,438.00 |
| 4/21/2022 | Stewart Scruggs | $ 2,122.00 |
| | **TOTAL:** | **$ 57,970.20** |

**EXHIBIT A**

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03714-S3**
7/6/2022 5:35 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of **Gwinnett State Court** County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed _____ MM-DD-YYYY | Case Number | 22-C-03714-S3 |

**Plaintiff(s)**
Kilgore, Loretta

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
Circle K Stores, Inc.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** Andrew Q Gould  **State Bar Number** 826368  **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number   _____ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03714-S3**
**7/6/2022 5:35 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LORETTA KILGORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 22-C-03714-S3 |
| v. ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| CIRCLE K STORES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### SUMMONS

To the above named defendant, you are hereby summoned and required to file with the Clerk of said Court, and serve upon Plaintiff's Attorney of record, whose name and address is:

Mark Alexander
Stewart, Melvin & Frost, LLP
P.O. Box 3280
Gainesville, GA 30503

an answer to the complaint which is here with served upon you, within thirty (30) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 6th day of July, 2022.

D/ Clerk of State Court

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**22-C-03714-S3**
**7/6/2022 5:35 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LORETTA KILGORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 22-C-03714-S3 |
| | ) FILE NO. _____ |
| CIRCLE K STORES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing **Plaintiff's First Request for Production of Documents to Defendant Circle K Stores, Inc. and Plaintiff's First Interrogatories to Defendant Circle K Stores, Inc.** to be served upon Defendant's registered agent, addressed as follows:

Corporation Service Company
2 Sun Court, Suite 400
Peachtree Corners, GA.

This 6th day of July, 2022.

*s/Andrew Gould*
Mark W. Alexander, Esq.
Georgia Bar No. 008930
malexander@smf-law.com
Andrew Q. Gould, Esq.
Georgia Bar No. 826368
agould@smf-law.com
**Stewart, Melvin & Frost, LLP**
P.O. Box 3280
Gainesville, GA 30503
(770) 536-0101
(678) 207-2002 (fax)
*Counsel for Plaintiff*

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 22-C-03714-S3

Superior Court ☐
State Court ☐
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Date Filed 7/6/2022

Georgia, GWINNETT COUNTY

Attorney's Address

Loretta Kilgore
Plaintiff

VS.

Circle K Stores, Inc.
Defendant

RECEIVED 2022 JUL 13 PM 1:10 CIVIL DIV. G.C.S.O.

Name and Address of Party to Served

Corporation Service Company

2 Sun Court, Suite 400

Peachtree Corners, GA 30092

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows: age, about ___ years; weight ___ pounds; height ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant Circle K Stores, Inc. a corporation by leaving a copy of the within action and summons with Alisha Smith In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 14 day of July, 2022

S. Williams SO1139

DEPUTY

CLERK'S COPY